USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-2-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------

HC TRADING INTERNATIONAL INC.,
ET AL.,

                Plaintiffs,

   - against -

CROSSBOW CEMENT, SA,

                Defendant.

--------

08 Civ. 11237 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The Court has received the parties' responses to the Court's Order to Show Cause why the defendant's funds placed in an escrow account in lieu of being attached should not be returned to the defendant pursuant to Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., Nos. 08 2477 Civ., 08 3758 Civ., 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009), and the case dismissed without prejudice. The plaintiff notes that by the parties' stipulation, this case was dismissed without prejudice to reinstatement pending the resolution of an arbitration proceeding, which is still ongoing. The plaintiff argues that because the arbitration is not complete, the Court has no power to open this case, direct the return of the defendant's funds, and dismiss the case.

    Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of

Civil Procedure provides quasi in rem jurisdiction over defendants' property in maritime cases. Aside from Rule B, the plaintiff in this case has presented no evidence showing why this Court has personal or quasi in rem jurisdiction over the defendant. The plaintiff argues that because the defendant consented to placing its funds in an escrow account, the defendant has waived any jurisdictional defense that arose after Jaldhi was decided. However, the parties' stipulated Order signed by the Court on August 18, 2009 expressly reserves to both parties any "rights, defenses, or claims each may have in this proceeding." Therefore, the defendant expressly reserved the jurisdictional defense it now seeks to raise.

Even if the defendant did not reserve its jurisdictional defense, it still would not be waived. In Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ., 2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009), the Court of Appeals found that because Jaldhi overruled Winter Storm Shipping, Ltd v. TPI, 310 F.3d 263 (2d Cir. 2002), defendants cannot be faulted for failing to raise, pre-Jaldhi, a jurisdictional defense to an attachment of EFTs in the face of Winter Storm's controlling precedent in this Circuit. As a result, the Court of Appeals held that the defendant in Hawknet did not waive a personal

jurisdiction defense by failing to raise it in the district court below.  Hawknet, 2009 WL 3790654, at *2.

The plaintiff here argues that even if the defendant is able to raise a jurisdictional defense, the defendant's funds are no longer EFTs and Jaldhi does not apply because the parties consented to placing the funds in an escrow account.  However, the fact that the parties agreed to place the funds in an escrow account in lieu of holding them subject to an attachment order does not provide this Court with jurisdiction over the defendant or its property in this case.  No alchemy by the parties transformed EFTs that do not provide personal jurisdiction over the defendant under Rule B into a basis for this Court's jurisdiction over the defendant.  The plaintiff cites an endorsed letter in another maritime case where Judge Marrero indicated that no further response to his Order to Show Cause was necessary in light of funds being placed into the court registry.  Transfield ER Cape Ltd. v. Crownland Int'l Co. Ltd., No. 08 Civ. 8602 (S.D.N.Y. Oct. 28, 2009).  However, in that case, there was no evidence that the defendant objected to the court's exercise of personal jurisdiction, as the defendant has done here.

For the reasons stated above, the defendant's funds are to be released and returned to the defendant.  The Clerk is

directed to **dismiss** the Complaint **without prejudice** and to close this case.

SO ORDERED.

Dated:  New York, New York
        November 25, 2009

                                        _____
                                                John G. Koeltl
                                        United States District Judge