UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HC TRADING INTERNATIONAL INC.,
ET AL.,

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 12/21/09 |

08 Civ. 11237 (JGK)

          Plaintiffs,

**MEMORANDUM OPINION
AND ORDER**

- against -

CROSSBOW CEMENT, SA,

          Defendant.

JOHN G. KOELTL, District Judge:

In an Order dated November 25, 2009, the Court directed the
release of certain funds that were placed in an escrow account
after they were attached pursuant to a Rule B maritime
attachment. The Court also dismissed the plaintiffs' Complaint
without prejudice. The plaintiffs now move for a stay of that
Order pursuant to Federal Rule of Civil Procedure 62(d). To the
extent that the automatic stay provided for in Rule 62(a)
applied to that Order, it has expired.

I

Rule 62(d) provides that "[i]f an appeal is taken, the
appellant may obtain a stay by supersedeas bond, except in an
action described in Rule 62(a)(1) or (2)." In this case, the
plaintiffs seek a stay pursuant to Rule 62(d) without posting a
bond.

Rule 62(d) typically is applied in cases where the Court has ordered a monetary judgment. See, e.g., Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F.Supp.2d 186, 188 (S.D.N.Y. 2007) ("[I]t is well-settled that subsection (d) applies exclusively to stays of money judgments . . . ."); In re Tower Auto., Inc., No. 06 Civ. 2105, 2007 WL 1975447, at **1-2 (S.D.N.Y. July 6, 2007) (finding that Rule 62(d) is inapplicable where Court's Order was declaratory judgment and not monetary judgment). The plaintiffs acknowledge that there was no monetary judgment in the defendant's favor in this case, and, therefore, ask the Court to waive the bond requirement. However, because there was no monetary judgment, Rule 62(d) does not apply to this case.

Rule 62(c) gives the Court discretion to grant an injunction on "terms that secure the opposing party's rights" while an appeal is pending from an order or judgment that grants, dissolves, or denies an injunction. In this case, the Court ordered that the plaintiffs release the defendant's funds that are being held in an escrow account. This judgment orders the plaintiffs "to do," rather than "to pay" and is more properly termed an injunction rather than a monetary judgment. See Centauri, 528 F. Supp. 2d at 189. Therefore, the Court will

treat the plaintiffs' motion to stay as a motion pursuant to Rule 62(c).

The traditional factors that the Court must consider in deciding a discretionary motion to stay are: (1) whether the movant has demonstrated a "substantial possibility, although less than a likelihood, of success on appeal," (2) whether the movant will suffer irreparable injury absent a stay, (3) whether the non-movant will suffer substantial injury if a stay is issued, and (4) the public interests that may be affected. Hirschfeld v. Bd. of Elections in City of New York, 984 F.2d 35, 39 (2d Cir. 1993) (internal quotation marks and citations omitted); Centauri, 528 F. Supp. 2d at 189. The Court treats these factors "somewhat like a sliding scale," and the necessary level of success on the merits will vary according to the Court's assessment of the other factors.  Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006); Centauri, 528 F. Supp. 2d at 189.

II

The plaintiffs' potential appeal does not have a substantial possibility of success on the merits.  The plaintiffs rely on the parties' Stipulation signed by the Court on August, 18, 2009, to argue that the Court had no power to reopen this case and that the defendant consented to

3

jurisdiction or waived its personal jurisdiction defense. However, as noted in this Court's previous Order, both parties expressly reserved in the Stipulation any "rights, defenses, or claims each may have in this proceeding." The plaintiffs ignore this provision in the Stipulation. The Stipulation benefited all parties and the Court by reducing the security required, allowing the funds to be held in escrow, and allowing the case to be dismissed without prejudice. The Stipulation did not provide the Court with quasi in rem or personal jurisdiction over the defendant and it did not indicate that the case could never be reopened. The Court reopened the case because the defendant asserted a jurisdictional defense that was reserved and because the Court no longer had quasi in rem jurisdiction over the funds at issue pursuant to Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009), and Hawknet, Ltd. v. Overseas Shipping Agencies, 587 F.3d 127 (2d Cir. 2009).

Even if the defendant had not expressly reserved its defense, the Court of Appeals for the Second Circuit in Hawknet found that defendants should not be faulted for failing to raise, pre-Jaldhi, a jurisdictional defense that would have been directly contrary to the law in this Circuit. Hawknet, 587 F.3d at 131. Because the plaintiffs have not offered a plausible

4

argument showing why this Court has jurisdiction over the defendant, the plaintiffs do not have a substantial possibility of success on the merits on appeal.

The plaintiffs argue that the Court lacked jurisdiction to reopen the case. This argument has no merit. The funds remained in an escrow account subject to a Stipulation that this Court ordered. Moreover, the Stipulation itself acknowledged that the funds could be released "by court order with notice to all counsel that said Order is being sought."

The plaintiffs argue that they will suffer irreparable injury if there is no stay because they do not expect the defendant to pay any judgment that the plaintiffs may receive in arbitration. However, "[a]s a general matter, because monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm." Centauri, 528 F. Supp. 2d at 194. "[M]onetary injury may suffice to establish irreparable harm in situations where the party that might ultimately be ordered to pay the monetary damages is insolvent or facing imminent bankruptcy, or is in a perilous financial state." Id. (internal quotation marks and citations omitted). However, here, the plaintiffs have not established that the defendant is insolvent, facing bankruptcy, or that a monetary judgment against the defendant otherwise would be

uncollectible. See id. Therefore, the plaintiffs have not shown that they will suffer irreparable injury if the stay is not granted.

On the other hand, if a stay is issued, the defendant will suffer the harm of the continued restraint on its funds. Furthermore, it will continue to be subjected to the jurisdiction of this Court in contradiction to controlling law in this Circuit.

Finally, the public interest weighs in favor of denying the plaintiff's motion in order to ensure that Jaldhi and Hawknet are enforced in this District. The plaintiffs argue that the public interest in the freedom to contract supports granting their motion to stay. However, this argument again ignores the fact that the parties' Stipulation specifically reserved the defendant's defenses. The Court is not harming the public interest in the freedom to contract by allowing the defendant to assert that defense.

                              CONCLUSION

For the reasons stated above, the plaintiffs' motion to stay the Court's November 25, 2009, Order is **denied**. The Clerk is directed to close Docket Nos. 22 and 24 and to close this case.

The Court will **stay** this Order until **December 24, 2009**, to allow the plaintiffs to seek a stay from the Court of Appeals.

**SO ORDERED.**

**Dated:     New York, New York
              December 18, 2009**

John G. Koeltl
United States District Judge

7